# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ERIC S. SMITH,**

      **Plaintiff,**

vs.                                        Case No. 18–cv–1341–DRH

**BRUMLEY**

      **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Eric S. Smith, an inmate in the Cook County Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at Menard Correctional Center. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's cellmate Kody Walsh attacked him on August 3, 2017 in front of C/O Drumsky. (Doc. 1, p. 4). Drumsky called for help and commanded Walsh to stop. *Id*. Defendant Brumley was the acting sergeant at the time, and although he responded to the scene, he never ordered medical attention or separated Plaintiff from Walsh. (Doc. 1, pp. 4-5). Plaintiff alleges that his jaw was swollen and he had headaches as a result of the attack. (Doc. 1, p. 5). Plaintiff was forced to spend the night in the cell with Walsh. *Id*. Walsh attacked Plaintiff again in the morning. *Id*. As a result of the attacks, Plaintiff had a sore and swollen jaw, headaches, knots, and severe pain. *Id*. His mental state has also deteriorated since the attacks. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Brumley failed to protect Plaintiff in violation of the Eighth Amendment when he left him in a cell with his assailant, precipitating a subsequent attack.

As to Plaintiff's **Count 1**, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Farmer*, 511 U.S. at 833; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff has alleged that his cellmate attacked him twice. After the first attack, Brumley was notified and came to the scene. Yet despite having knowledge that Plaintiff's cellmate was willing to attack him, Brumley took no action. He did not remove Plaintiff or his cellmate from the cell. Plaintiff has pleaded facts tending to show that a prison official was aware of the threat posed to him by his cellmate, and Brumley's failure to take action in light of those facts is a plausible allegation of deliberate indifference. Accordingly, **Count 1** shall proceed against Brumley.

## Pending Motions

Plaintiff has also moved the Court to appoint him counsel. (Doc. 4). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir.

1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). Plaintiff indicates that he has contacted a single law firm seeking representation. (Doc. 4, p. 1). The motion is silent on the law firm's response. The Court finds that this is not a reasonable attempt to recruit counsel. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Should Plaintiff wish to renew his motion at a later time, he is instructed to contact at least 2-3 legal service providers, and attach any relevant correspondence to his motion as an exhibit. Plaintiff's Motion is **DENIED**. (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Brumley. Plaintiff's Motion seeking attorney representation is **DENIED without prejudice**. (Doc. 4).

The Clerk of Court shall prepare for Defendant Brumley: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of

employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.17
11:39:32 -05'00'

**United States District Judge**