IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC S. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1341-NJR-RJD |
| | ) |
| TIMOTHY BRUMLEY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion for Summary Judgment on the Issue of Exhaustion of Administrative remedies filed by Defendant Timothy Brumley (Doc. 26). The Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), on May 8, 2019 (Doc. 42). For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Eric Smith, a former inmate of the Illinois Department of Corrections, filed this action on June 6, 2018, pursuant to 42 U.S.C. § 1983 alleging that Defendant Brumley violated his constitutional rights while he was housed at Menard Correctional Center (Doc. 1). Specifically, Smith alleges that on August 3, 2017, his cellmate attacked him for exhibiting symptoms of his mental illness (Doc. 1 at p. 4). Brumley was the acting sergeant at the time, and although he responded to the scene, Smith alleges Brumley never ordered medical attention or separated Smith from his cellmate (Doc. 1, pp. 4-5). Instead, Smith was forced to spend the night in the cell with his cellmate (*Id.*). The following morning, Smith's cellmate attacked him again (*Id.*). As a result of the attacks, Smith had a sore and

swollen jaw, headaches, knots, and severe pain (*Id.*). He asserts his mental state also has deteriorated since the attacks (Doc. 1, p. 6). After threshold review of his complaint, Smith was permitted to proceed on one count of failure to protect in violation of the Eighth Amendment when Brumley left Smith in a cell with his assailant, precipitating a subsequent attack (Doc. 11).

On December 28, 2018, Brumley moved for summary judgment for Smith's failure to exhaust his administrative remedies, arguing there are no credible grievances in the record that complain about the conduct at issue in the complaint (Doc. 26). While two of Smith's grievances are written on grievance forms and contain institutional markings, they are irrelevant to the issues in this lawsuit. And a purported third grievance, dated August 5, 2017, and attached to Smith's Complaint, is written on loose leaf paper and contains no markings, file stamps, or other certifications to indicate the institution received it. Furthermore, there is no institutional record that a grievance was ever filed on that date.

In response, Smith contends that he manually copied his grievance on loose leaf paper because he was in segregation and did not have access to the law library to make a copy (Doc. 32). He also states that after he filed the August 5 grievance, he received no response (*Id.*). On March 13, 2019, Smith filed a second memorandum in opposition to summary judgment, in which he argues he is no longer a prisoner of IDOC because his criminal case was reversed and remanded (Doc. 36). Instead, he was a pretrial detainee in Cook County when he filed the lawsuit. As he is no longer a prisoner, Smith claims he does not need to exhaust his administrative remedies.

## LEGAL STANDARDS

**A.    Summary Judgment**

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

**B.    Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In *Pavey v. Conley*, the Seventh Circuit instructed district courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Under the Illinois Administrative Code, an inmate must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint.

This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. *Id.* § 504.810(c).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer (the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An offender may also request a grievance be handled as an emergency by forwarding the grievance directly to the CAO. *Id.* § 504.840. If there is a substantial risk of imminent personal injury or harm to the offender, the grievance should be handed on an emergency basis. *Id.* § 504.840(a). If the CAO determines the grievance should not be handled on an emergency basis, "the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE. § 504.840(c).

## DISCUSSION

As noted by Brumley, there are two grievances in the record that Smith wrote on grievance forms and that contain stamps showing they were submitted for institutional review. One emergency grievance, dated August 23, 2017, discusses the attack but does not discuss Brumley or his failure to separate Smith from his cellmate (Doc. 29-1 at p. 8). Instead, Smith is asking to see a doctor to get back on his medications (*Id.*). A second grievance dated October 9, 2017, discusses the investigation procedure used by Internal Affairs but does not mention Brumley or the August 3, 2017 attack (*Id.* at pp. 3-6).

A third grievance, attached to Smith's complaint, is dated August 5, 2017, and discusses both the attack and Brumley's alleged failure to protect him (Doc. 1, p. 8). The grievance, written on loose leaf paper, states that Smith tried to explain to Brumley that he was in fear of his life but was told to shut up and sit down. Brumley then walked off and never returned (*Id.*). The next morning, Smith was attacked by this cellmate a second time. The grievance concludes with Smith asking that Brumley "be investigated for his 'failure to protect.'" (*Id.*). A second hand-written, loose-leaf grievance attached to the Complaint is dated September 5, 2017, and complains that Smith never got a response to his August 5, 2017 grievance (*Id.*, p. 11).

At the *Pavey* hearing, the Court did not find Smith credible in his assertion that he submitted the August 5, 2017 grievance to his counselor at Menard. The document was not written on a grievance form, there was no indication the grievance was ever submitted institutionally, and Smith admitted he never discussed the issue with his counselor. Thus, the Court found the August 5, 2017 grievance was insufficient to exhaust Smith's administrative remedies as to his claim against Brumley.

With regard to Smith's argument that he was not a prisoner when he filed suit and, thus, not required to exhaust his administrative remedies in the first place, the Court indicated it would review that issue further. The Court has now determined that Smith's status as a pretrial detainee in the Cook County jail at the time he filed this lawsuit did not relieve him of his duty to exhaust his administrative remedies.

The PLRA requires prisoners, including detainees of any jail, to exhaust all available administrative remedies before bringing suits for damages. 42 U.S.C. § 1997e(a);

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015) ("the Prison Litigation Reform Act of 1995, . . . which is designed to deter the filing of frivolous litigation against prison officials, applies to both pretrial detainees and convicted prisoners"); *Truly v. Sheahan*, 135 F. App'x 869, 871 (7th Cir. 2005) ("Whether a plaintiff is a prisoner subject to this requirement depends on his status at the time he brought the suit . . . and Truly was incarcerated in the Cook County jail when he brought this suit. Thus Truly was properly required to exhaust administrative remedies."); *Fredrickson v. Heisner*, No. 18 C 3582, 2019 WL 952126, at *4 (N.D. Ill. Feb. 27, 2019) ("One's status as a pretrial detainee does not obviate the need for, or purpose of, an administrative exhaustion requirement and for that reason the PLRA applies equally to pretrial detainees and prisoners."). Smith was a pretrial detainee at the Cook County jail when he filed his Complaint, and thus he is indeed subject to the PLRA's exhaustion requirements. Having found that Smith did not meet those requirements, Brumley's motion for summary judgment must be granted.

### Conclusion

For the reasons set forth above, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative remedies filed by Defendant Timothy Brumley (Doc. 26) is **GRANTED**. This action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED:   May 10, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**